IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 15, 2010

**THELMA MORRIS v. JOHN MORRIS**

**Appeal from the Circuit Court for Marion County**
**No. 12700    J. Curtis Smith, Judge**

---

**No. M2009-02156-COA-R3-CV - Filed July 20, 2010**

---

Husband appeals trial court's finding of substantial and material change in circumstances and modification of alimony awarded Wife in the parties' divorce. Finding no error, the trial court's judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR.and ANDY D. BENNETT, JJ., joined.

Kenneth O. Fritz, Chattanooga, Tennessee, for the appellant, John W. Morris.

John Harvey Cameron, Jr., Jasper, Tennessee, for the appellee, Thelma J. Morris.

**MEMORANDUM OPINION**[1]

I.    **Background**

The parties were married on July 4, 1974; on November, 13 1997, Wife filed for divorce in the circuit court of Marion County on the grounds of cruel and inhuman treatment and irreconcilable differences. On May 17, 1999 the trial court granted the divorce and

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

ordered, *inter alia*, Husband to pay Wife alimony *in futuro* in the amount of sixty dollars per week for five years, after which it would increase to seventy dollars per week for five years.

On November 2, 2001, Wife filed a motion seeking to have Husband show cause why he should not be held in contempt of court for failing to make the alimony payments as ordered. Husband responded to the motion asserting, *inter alia,* that there had been a change of circumstances sufficient to warrant termination of alimony payments and moved to terminate his support obligations. Wife answered, averring that the alimony should be increased due to her disability, the increase in the cost of living and Husband's increased income. An agreed order was entered on June 4, 2002, wherein the parties agreed that the alimony would increase to seventy dollars per week, to be paid bi-weekly by wage assignment.

On July 16, 2008, approximately ten months prior to the expiration of the period over which the alimony *in futuro* was to be paid, Wife filed a document styled "Complaint To Continue Alimony", seeking to have alimony continue past the ten year period initially ordered and an increase in the amount of alimony. Wife asserted that her mental and physical condition had worsened since the original and agreed orders, such that she was unable to be gainfully employed, thereby constituting a substantial and material changes in circumstance. After a hearing, the court found a substantial and material change in circumstances warranting a modification and extension of the original alimony award; the court ordered Husband to pay three hundred dollars per month as alimony *in futuro* until the death or remarriage of Wife. Mr. Morris timely filed a notice of appeal.

## II.     Standard of Review

Review of findings of fact is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d) (1979); *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006). Review of the trial court's conclusions of law is *de novo* with no presumption of correctness. *See Kaplan*, 188 S.W.3d at 635.

## III.    Analysis

Husband asserts that there has not been a significant change in circumstances to require Husband to pay alimony until wife's death or remarriage. He alleges that Wife suffers the same conditions that she did in 1999 and that her earning capacity has not changed since the divorce. The issue this court must resolve is whether there has been a significant change in circumstances that would warrant the trial court's modification and extension of alimony *in futuro*.

Modifications of alimony may be granted only upon a showing of a substantial and material change in circumstances since the entry of the original support order. *Byrd v. Byrd*, 184 S.W.3d 686, 691 (Tenn. Ct. App. 2005) (citing Tenn.Code Ann. § 36-5-101(a)(1)).[2] A change is considered substantial when it significantly affects either the obligor's ability to pay or obligee's need for support. *Id*. A change is considered material if the change occurred since the original support decree's entry. *Id*.

The trial court found that, since the original divorce decree, Wife's physical condition had deteriorated such that she had become disabled; that she had tumors removed from her leg and stomach; and that, at the time of the hearing, she suffered from a brain tumor which had not been removed and which impaired her memory. Our review of the record confirms that Wife's medical and mental conditions have significantly deteriorated since the divorce. The medical records show that Wife underwent surgery to remove tumors in April of 2006 and that she suffers from a tumor in her right posterior brain. The medical records also report that Wife continues to suffer from major depressive disorder and severe psychotic features. Wife testified in detail regarding these ailments and the effect they have had on the her life; Husband offered no countervailing proof. The trial court's findings of fact are fully supported by the record.

Having found that record supports modification of the award of alimony, we now consider whether the specific modifications were appropriate. The trial court found that Wife was physically incapacitated, had a limited income, had a financial need of three hundred dollars per month and that Husband had the ability to pay that amount.[3] Husband does not contend that the trial court's findings were erroneous or contrary to the record; rather, he contends that the record does not support the award of alimony for life or *in futuro*.

Alimony *in futuro*, or periodic alimony, is "a payment of support and maintenance on a long term basis or until death or remarriage of the recipient." Tenn. Code Ann. § 36-5-121(f)(1). An award of alimony *in futuro* is appropriate where there is "relative economic advantage" and rehabilitation of the disadvantaged spouse is not feasible. *Id*. We review the trial court's award under an abuse of discretion standard. *Riggs v. Riggs*, 250 S.W.3d 453, 456 (Tenn. Ct. App. 2007 (citing *Lindsey v. Lindsey*, 976 S.W.2d 175, 180 (Tenn. Ct. App. 1997)).

The evidence shows that Husband had gross income in 2006 of $33,862 and $33,053 in 2007; Wife had monthly income of $744.00 and monthly expenses of $915.12, for a

---

[2] Tenn. Code Ann. § 36-5-101 was recodified effective July 1, 2005 as Tenn. Code Ann. § 36-5-121.

[3] The trial court erroneously cited Tenn. Code. Ann § 36-5-101(d) in its order.

monthly negative of $171.12. In addition, the proof was clear that rehabilitation of Wife was not feasible and she had been unable to return to work due to her physical condition. Considering the factors at Tenn Code Ann. §§ 36-5-121 (d) and (i), the court did not abuse its discretion in the type or amount of the award of alimony.

## IV.    Conclusion

For the reasons set forth above, the trial court's judgment is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE